UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. F-05-00385 OWW |
| Plaintiff, | ) | |
| v. | ) | ORDER REGARDING RULING ON |
| WALTER M. SCHALES, | ) | DEFENDANT'S MOTION IN LIMINE |
| Defendant. | ) | |

**ORDER**

The defendant has moved to exclude testimony about an incident at a Wal-Mart store in Hanford, California as well as photographs that the defendant allegedly took at that location on July 17, 2005. Although the government has not yet sought to introduce the testimony or evidence, it has argued that the items are admissible as evidence that is inextricably intertwined with

1

the commission of the offenses for which the defendant will be on trial.  Alternatively, the government has argued, the evidence is admissible under Federal Rule of Evidence 404(b) to prove the defendant's knowledge, intent, *modus operandi*, and absence of mistake.

It is hereby ORDERED as follows: the images that the defendant allegedly took at the Wal-Mart store on July 17, 2005, are part of the *res gestae* of the offenses for which the defendant is being prosecuted.  The additional fact that the defendant sought to delete them from the camera's media card is evidence of his consciousness of guilt.  The defendant's conduct on the date in question is similar to his actions on approximately 10-12 other occasions and goes to show his knowledge, intent, modus operandi, and absence of mistake.

For these reasons, the government will be allowed to introduce approximately three of the dozens of images that were recovered from the media card on the camera seized from the defendant on July 17, 2005.  The government may present testimony that the defendant was seen at the Wal-Mart that day, that he walked behind a female with a camera in hand, he took pictures at the store, he was seen pushing buttons on the camera after he was confronted by an adult male, and images were found on his camera / media card.

The government may not elicit testimony about the defendant's citation by a Hanford Police Department officer on July 17, 2005, for a criminal offense related to the incident, nor should the government elicit testimony about the defendant's false statements about having taken pictures that day.  The government will,

however, be permitted to address these issues should the defendant open the door to them in presenting a defense.

IT IS SO ORDERED.

**Dated:   January 31, 2007**              /s/ Oliver W. Wanger
emm0d6                                     UNITED STATES DISTRICT JUDGE