IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

WALTER MARCUS SCHALES,      )      No. CV-F-10-161 OWW
                            )      (No. CR-F-05-385 OWW)
                            )
                            )      MEMORANDUM DECISION AND
          Petitioner,       )      ORDER DENYING PETITIONER'S
                            )      MOTION TO VACATE, SET ASIDE
     vs.                    )      OR CORRECT SENTENCE PURSUANT
                            )      TO 28 U.S.C. § 2255 AND
                            )      DIRECTING CLERK OF COURT TO
UNITED STATES OF AMERICA,   )      ENTER JUDGMENT FOR
                            )      RESPONDENT
                            )
          Respondent.       )
                            )
_____)

On January 28, 2010, Petitioner Walter M. Schales,

proceeding *in pro per*, timely filed a motion to vacate, set aside

or correct sentence pursuant to 28 U.S.C. § 2255.

By Second Superseding Indictment, Petitioner was charged in

Count One with receipt or distribution of material involving the

sexual exploitation of minors in violation of 18 U.S.C. §

2252(a)(2);[1] in Count Two with possession of material involving

_____

[1]18 U.S.C. § 2252(a)(2) provides:

1

the sexual exploitation of minors in violation of 18 U.S.C. §

2252(a)(4)(B); and in Count Three with production of obscene

visual representation of the sexual abuse of children in

violation of 18 U.S.C. § 1466A(a)(1).[2]

---

        **Any person who -**

        **...**

        **(2) knowingly receives, or distributes, any
        visual depiction using any means or facility
        of interstate or foreign commerce or that has
        been mailed, or has been shipped or
        transported in or affecting interstate or
        foreign commerce, or which contains materials
        which have been mailed or so shipped or
        transported, by any means including by
        computer, or knowingly reproduces any visual
        depiction for distribution using any means or
        facility of interstate or foreign commerce or
        in or affecting interstate or foreign commerce
        or through the mails, if -**

        **(A) the producing of such visual depiction
        involves the use of a minor engaging in
        sexually explicit conduct; and**

        **(B) such visual depiction is of such conduct
        ....**

shall be punished as provided in 18 U.S.C. § 2252(b).

        [2]**18 U.S.C. § 1466A(a)(1) provides:**

        **Any person who, in a circumstance described in
        subsection (d), knowingly produces,
        distributes, receives, or possesses with
        intent to distribute, a visual depiction of
        any kind, including a drawing, cartoon,
        sculpture, or painting, that -**

        **(1)(A) depicts a minor engaging in sexually
        explicit conduct; and**

        **(B) is obscene**

shall be subject to the penalties described in 18 U.S.C. §

1    Petitioner, a former resident of Armona, California, came to

2 the attention of law enforcement on July 17, 2005, when he

3 approached a 14 year-old girl from behind at a Wal-Mart store in

4 Hanford, California.  A witness saw Petitioner hold a digital

5 camera underneath the girl's mini-skirt and take a photograph.

6 the witness confronted Petitioner and contacted a store security

7 employee.  The store employee in turn contacted the Hanford

8 Police Department which cited Petitioner for annoying children,

9 seized his camera, and referred the case to the Kings County

10 District Attorney's Office.  Although Petitioner had attempted to

11 delete the images that he had taken of the 14-year old girl at

12 the Wal-Mart store, they were recovered during a forensic

13 examination of the camera's media card.  Based in part on

14 information recovered during that examination, a search warrant

15 was issued for Petitioner's residence.  When the search warrant

16 was executed on October 4, 2005, law enforcement agents located

17 an immense quantity of child pornography and obscene depictions

18 of minors engaged in sexually explicit conduct.  Officers seized

19 one computer, some peripheral devices, several compact discs,

20 digital video discs, VHS videotapes, 8mm tapes, digital cameras,

21 a video camera, printed images of naked females, and pornographic

22 magazines.  When investigators reviewed the seized material, they

23 discovered that Petitioner had taken a large quantity of digital

24 still and video images of minors to whom he had access in public,

25 _____

26 2252A(b)(2).

3

near his residence, and at places where he ostensibly had been working.  Petitioner also had obtained thousands of images of child pornography from the internet, most, if not all, of which were also obscene.  He transferred images from his digital cameras to his computer and applied one or more photo editing software programs to the images.  He used the software to manipulate images of himself (some of which were sexually explicit) and the obscene and sexually explicit images of other minors he had obtained from the internet.  Through this process, he produced obscene visual representations of minors engaged in sexually explicit conduct.  Petitioner photographed approximately ten local minor females ranging in age from approximately age six to age seventeen, and he produced approximately 15-100 obscene images of each of these victims.

Petitioner was convicted by jury verdict of all three counts.  Petitioner was sentenced to  to a term of imprisonment of 210 months (Counts 1 and 3 for a term of 210 months to run concurrent with Count's 2 term of 120 months).  Petitioner appealed his conviction and sentence.  The Ninth Circuit affirmed Petitioner's conviction of Count 3, but remanded the case to vacate either his conviction on Count 1 or Count 2 on the ground of Double Jeopardy.  *United States v. Schales*, 546 F.3d 965 (9th Cir.2008), *cert. denied*, ___ U.S. ___, 129 S.Ct. 1397 (2009).  On remand, Respondent dismissed Count 2.  On January 20, 2009, Petitioner was sentenced to a term of 210 months concurrent on on Counts 1 and 3.   Petitioner did not file a notice of appeal.

4

1    Petitioner asserts three grounds for relief.

2    Ground One is captioned "double jeopardy" and asserts: "Is

3 morphing under definition of pornography overbroad and vague."

4    Petitioner confuses legal concepts.  Under the Double

5 Jeopardy Clause of the Constitution, no person shall be twice put

6 in jeopardy of life or limb for the same offense.  The Double

7 Jeopardy Clause has been interpreted to contain two prongs.

8 First, double jeopardy prohibits successive prosecution of the

9 same offense.  *Blockburger v. United States*, 284 U.S. 299, 304

10 (1932).  Here, there has been no successive prosecution for the

11 same offense.  Second, double jeopardy prohibits multiple

12 punishment for the same offense.  *United States v. Ursery*, 518

13 U.S. 267, 273 (1996).  "The Double Jeopardy Clause is implicated

14 when a defendant has been convicted under two different criminal

15 statutes and both statutes prohibit the same offense or one

16 offense is a lesser-included offense of the other."  *United

17 States v. Schales, supra*, 546 F.3d at 977.   The elements of a

18 violation of Section 2252(a)(2) are:

19          (1) the defendant knowingly received or
             distributed;
20
             (2) any visual depiction that had been
21           mailed, shipped, or transported in interstate
             or foreign commerce;
22
             (3) by any means, including by computer;
23
             (4) the producing of such visual depiction
24           involved the use of a minor engaging in
             sexually explicit conduct; and
25
             (5) the visual depiction was of such conduct.
26

(Doc. 64, Jury Instruction No. 14).   The elements of a violation of Section 1466A(a)(1) are:

> (1) The defendant knowingly produced or received a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting;
>
> (2) The visual depiction shows a minor engaging in sexually explicit conduct;
>
> (3) The visual depiction is obscene;
>
> (4) Any visual depiction involved in the offense had been shipped or transported in interstate or foreign commerce by any means, including by computer, or was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer.

(Doc. 64, Jury Instruction No. 25).   Petitioner's conviction of receipt or distribution of material involving the sexual exploitation of minors in violation of Section 2252(a)(2) and of production of obscene visual representation of the sexual abuse of children in violation of Section 1466A(a)(1) are different offenses.

Petitioner's contention that "morphing under definition of pornography [is] overbroad and vague" is without merit.   The Ninth Circuit ruled that on appeal that 18 U.S.C. § 1466A(a)(1) is constitutional facially and as applied.   *United States v. Schales*, *supra*, 546 F.3d at 970-974.

Ground Two is captioned "Searches and Seizures."   Petitioner asserts:

> The seizing of papers (Title to GEO metro '1991') when I never said I did not live in the house or would not say I did not live in

the house.  And Three [sic] officers saw me
and no one else in the house.  The car could
have been parked there by anyone.

Petitioner did not file a motion to suppress any evidence seized by officers prior to his conviction.  Fourth Amendment claims of illegal search and seizure are not cognizable in Section 2255 proceedings.  *See Stone v. Powell*, 428 U.S. 465, 486-489 (1976); *United States v. Hearst*, 638 F.2d 1190, 1196 (9th Cir.1980).  Although *Stone* prohibits Fourth Amendment claims on collateral review, the Supreme Court has held that the *Stone* prohibition does not extend to ineffective assistance of counsel claims based on Fourth Amendment violations.  *See Kimmelman v. Morrison*, 477 U.S. 365, 382-383 (1986).

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other.  *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Strickland*, 466 U.S. at 687.  "A convicted defendant making a

7

claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689. The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 690-691. "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988). "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989). A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness. *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must

demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693. "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694.

Here, Petitioner does not specifically assert that he was denied the effective assistance of counsel by counsel's failure to file a motion to suppress the "Title to GEO Metro '1991'." Petitioner's motion is obscure; it is unclear exactly what conduct Petitioner is contending violated his Fourth Amendment rights. The officers had a warrant to search Petitioner's residence. The affidavit in support of the Criminal Complaint filed against Petitioner avers:

> 4. On October 4, 2005, pursuant to a state search warrant issued on or about September 28, 2005, by the Honorable Thomas DeSantoe of the Kings County Superior Court, investigators of the Kings County District Attorney's Office participated in a search of the defendant's residence located at 10853 Cedar Street, Armona, California. The search was conducted at approximately 0700 hours by Investigator Trish Hershberger and other law

1

2

> enforcement agents from the Kings County
> District Attorney's Office.

3

4

5

6

> 5.  Upon serving the warrant at the Subject's
> premises, contact was made with Walter
> SCHALES.  SCHALES was asked by Investigator
> Hershberger if he had any incriminating items
> in his residence, to which SCHALES answered
> yes.  SCHALES was detained and agreed to
> voluntarily go to the District Attorney's
> Office for questioning ....

7

8

9

10

11

12

13

14

Petitioner makes no showing of legal grounds to suppress the

"Title to GEO Metro '1991'" or that successful suppression of

these papers would have had any effect on his defense of the

criminal charges against him or lead to his acquittal of these

charges.  Consequently, even if Petitioner had alleged

ineffective assistance of counsel, his motion makes no showing

from which it may be inferred that either prong of the *Strickland*

standard is satisfied.

15

16

17

18

> Ground Three is captioned "religion."  Petitioner asserts:

> Religion is when a man is under a higher
> power and no man or government is above GOD.
> The Holy Bible: 1 Corinthians 7:25 'Now
> concerning virgins I have no commandment of
> the Lord.'  A merryful man will be faithful.

19

20

21

22

23

24

25

26

Ground Three provides no basis for Section 2255 relief.  Section

2255 provides, in pertinent part: "A prisoner in custody under

sentence of a court established by Act of Congress claiming the

right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United

States ... may move the court which imposed the sentence to

vacate, set aside or correct the sentence."  The Bible does not

trump the Constitution or laws of the United States.  Petitioner
was convicted under valid laws and his conviction has been
affirmed on appeal.  That Petitioner relies on a verse from the
New Testament to justify his conduct does not render that conduct
lawful.

　　　For the reasons stated:

　　　1.　Petitioner Walter M. Schales' motion to vacate, set
aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

　　　2.　The Clerk of the Court is directed to ENTER JUDGMENT FOR
RESPONDENT.

　　　IT IS SO ORDERED.

Dated: ___February 8, 2010___          _____/s/ Oliver W. Wanger_____
                                       UNITED STATES DISTRICT JUDGE